**Linus VANDERLOOP, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD CO., Defendant.**

**No. 83–C–2005.**

United States District Court, E.D. Wisconsin.

March 29, 1985.

David D. Brown, Brown, Converse, Everson & Newlum, Green Bay, Wis., for plaintiff.

James G. Curtis, Hale, Skemp, Hanson & Skemp, LaCrosse, Wis., for Missouri Pacific.

James H. Morgan, Morgan Law Office, Dedarburg, Wis., for Brillion and Forest Junction.

**DECISION AND ORDER**

WARREN, District Judge.

**BACKGROUND**

This action was initiated on December 23, 1983, when the plaintiff, a dealer of hay and cattle feed, filed his complaint against defendants Brillion and Forest Junction Railroad Company and Missouri Pacific Railroad Company, alleging negligence and breach of contract in their failure to collect certain sums of money due the plaintiff upon delivery of some seven shipments of hay to an eventual consignee, Delton Weatherly. Specifically, the complaint charges that the subject hay shipments

originated from Brillion, Wisconsin, with defendant Brillion and Forest Junction Railroad Company; that the connecting carrier, the Missouri Pacific Railroad Company, delivered the shipments to Little Rock, Arkansas; that "all of the shipments were made with sight drafts and order bills of lading directing that the delivering carrier collect all monies due from the consignee and that the same be credited to the account of the plaintiff ..."; and that while the subject deliveries were completed, the defendant-carriers were negligent and acted in breach of contract by failing to collect those monies owing from the consignee under the terms of the sight drafts and the order bills of lading. Based on these principal allegations, the plaintiff seeks $18,173.61 plus interest from January 15, 1981, the date of the last shipment, as damages against the defendants, both jointly and severally liable.

On January 18, 1984, defendant Brillion and Forest Junction Railroad Company filed its answer to the plaintiff's complaint, denying all substantive allegations therein and raising three affirmative defenses— among them, that this action was not commenced within the time period established by the order bill of lading; that the plaintiff failed to provide the defendant with notice of his loss, as required under the clear terms and conditions of that bill; and that the action is barred by the applicable period of limitations established under 49 U.S.C. § 11707(e). Upon the stipulation of the parties, defendant Brillion and Forest Junction Railroad Company was dismissed from this matter, with prejudice and without costs, by the Court's *Order* of June 4, 1984.

Presently before the Court is the motion of the remaining defendant, the Missouri Pacific Railroad Company, for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, or, in the alternative, for dismissal of the action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer of venue pursuant to 28 U.S.C. § 1406(a). In support of its request for summary judgment, the defendant directs the Court's attention to the subject order bill of lading, which, by its very terms, establishes as a condition precedent to recovery that the plaintiff file a written notice of claim with the receiving or delivering carrier within nine months of delivery of the property.

By the appended affidavits of its own assistant manager for freight claims and the freight traffic manager for former co-defendant Brillion and Forest Junction Railroad Company, the movant establishes that the plaintiff made no formal written claim to either of the carrier-railroads until June 27, 1983, when he sent a claim letter to the Brillion and Forest Junction Railroad Company, noting his lack of success in collecting from the consignee and advising of his intention to pursue a claim against this delivering party. Based on the plaintiff's failure to provide notice of his claim to either of the carrier-railroads within the applicable period of limitations, the movant contends, based both on the language of the order bill of lading and the plain language of 49 U.S.C. § 11707(e), establishing the liability of common carriers under receipts and bills of lading, that this action must be dismissed as untimely.

In support of its petition in the alternative for dismissal or transfer of venue, the movant again invokes the prescriptive language of 49 U.S.C. § 11707(d)(2)(A)(ii) & (iii), arguably establishing that the only judicial district in which this action is properly venued is that in which the point of destination is located and in which the damage is alleged to have occurred—namely, the Eastern District of Arkansas. Accordingly, the movant seeks an order dismissing the case based on improper venue or transferring the matter to the federal district court in Little Rock, Arkansas.

Pursuant to Local Rule 6.01, the plaintiff was afforded fourteen days in which to file a brief in opposition to the present motion to dismiss or for transfer of venue. Despite the fact that that fourteen-day period has now long expired, the plaintiff has failed to interpose any responsive memorandum of law. Accordingly, the Court resolves the defendant's petition based solely on the case record compiled to date,

including the relevant motion papers, and its own understanding and application of the relevant law.

## RULE 56(b) AND THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Court of Appeals for the Seventh Circuit has recently articulated again those well-established standards to be applied by district courts in resolving motions for summary judgment like the present, as follows:

It is well accepted that the purpose of summary judgment is to prevent an unnecessary trial where, on the basis of the pleadings and supporting documents, there remains no material issue of fact to be tried. *Kirk v. Home Indemnity Company*, 431 F.2d 554, 559 (7th Cir. 1970). Summary judgment is appropriate only if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir.1976); Fed.R.Civ.P. 56(c). The burden is upon the moving party to show that there is no issue of material fact in dispute, *Rose v. Bridgeport Brass Company*, 487 F.2d 804, 808 (7th Cir.1973), and all doubts as to the existence of an issue of material fact must be resolved against movant. *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 577 (7th Cir.1961).

*Moore v. The Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1339 (7th Cir.1985) (citing *Dreher v. Sielaff*, 636 F.2d 1141, 1143 n. 4 (7th Cir.1980); *see also Brown University v. Kirsch*, 757 F.2d 124, 129 (7th Cir.1985) (noting that "summary judgment is to be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them").

As established plainly by the affidavit of Sam Robinson, the assistant manager for freightclaims with Union Pacific Systems, the present owner of defendant Missouri Pacific Railroad Company, the order bill of lading upon which the subject transaction was consummated provides in section 2(b) as follows:

As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

*Exhibit A* to *Affidavit* of Sam Robinson at 2 (June 18, 1984). As the movant accurately observes, the relevant language of the order bill of lading conforms precisely to the requirements set forth in 49 U.S.C. § 11707(e), prescribing the conditions under which common carriers may be held liable for claims asserted under receipts and bills of lading, as follows:

A carrier may not provide by rule, contract or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice....

It is further uncontroverted that the plaintiff filed no written claim against either of the carrier-railroads until the time of his June 27, 1983, letter to former defendant Brillion and Forest Junction Railroad Company, construed by the parties as such a formal notice. *See Exhibit B* to *Affidavit* of Gordon deHaas at 2 (June 20, 1984). Under these circumstances, the

Court encounters no difficulty in concluding that the present action is, indeed, untimely since, pursuant to both the clear language of the order bill of lading and the parallel provision of 49 U.S.C. § 11707(e), the plaintiff's notice of claim was not served within nine months after the last of the shipments, on January 15, 1981, but was interposed instead some twenty-nine months after delivery of the hay to the final consignee.

In short, the Court finds that the untimely notice serves as a complete bar to the plaintiff's prosecution of his present action. The mere fact that the plaintiff initiated this lawsuit only six months after his letter notice to the Brillion and Forest Junction Railroad Company does not render inapposite the clear, proscriptive effect of section 2(a) of the order bill of lading and subsection (e) of 49 U.S.C. § 11707.

As indicated above, the plaintiff has failed to submit any affidavits in opposition to those filed by the defendant in support of its present motion; indeed, the plaintiff has not provided this Court with any basis upon which it might reasonably find the existence of some material issues of fact for trial or the movant's lack of entitlement to judgment as a matter of law. Under these circumstances and for the substantive reasons discussed herein, the Court concludes that summary judgment is appropriately entered in favor of defendant Missouri Pacific Railroad Company as to the entire cause of action against it. *See* Rule 56(e) of the Federal Rules of Civil Procedure ("... [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him").

Because it concludes that this action is wholly barred by the applicable period of limitations, the Court need not and does not reach the movant's companion argument that dismissal or transfer of venue is warranted under 49 U.S.C. § 11707(d)(2)(A)(ii) & (iii).

## CONCLUSION

For the reasons articulated above, the Court hereby GRANTS the motion of defendant Missouri Pacific Railroad Company for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, as to the entire cause of action.